IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

GENE BIGHAM, JR.                                                                                    PLAINTIFF

vs.                                        Civil No. 6:10-cv-06009

MICHAEL J. ASTRUE                                                                            DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Gene Bigham, Jr. ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for a period of disability, Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed his applications for DIB and SSI on September 26, 2006. (Tr. 11). Plaintiff alleged he was disabled due to fear of heights, numbness in hands, and balance problems due to a steel rod in his leg. (Tr. 106). Plaintiff alleged an onset date of December 31, 2001. (Tr. 106).

---

[1] The docket numbers for this case are referenced by the designation "ECF No." The transcript pages for this case are referenced by the designation "Tr."

These applications were initially denied on November 8, 2006 and were denied again on reconsideration on April 10, 2007. (Tr. 45-56).

On April 17, 2007, Plaintiff requested an administrative hearing on his applications. (Tr. 57). This hearing was held on June 25, 2008 in Hot Springs, Arkansas. (Tr. 20-37). Plaintiff was present and was represented by counsel, Charles Padgham, at this hearing. *See id.* Plaintiff, and Vocational Expert ("VE") Dianne Smith testified at this hearing. *See id*. On the date of this hearing, Plaintiff was forty-seven (47) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2009), had a GED and graduated from technical college. (Tr. 23-24).

On November 28, 2008, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 11-18). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since December 31, 2001. (Tr. 13, Finding 2). The ALJ determined Plaintiff had the severe impairments of neck and wrist pain, and peripheral neuropathy. (Tr. 13, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 13, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 14-16). First, the ALJ evaluated Plaintiff's subjective complaints pursuant to the requirements of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) and found his claimed limitations were not totally credible. (Tr. 16). Second, the ALJ determined, based upon this review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, Plaintiff retained the RFC to perform the full range of sedentary work activities. (Tr. 14, Finding 5).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and his ability to perform that work and other work in the national economy. (Tr. 16, Finding 6). Plaintiff and the VE testified at the administrative hearing regarding these issues. (Tr. 24-26, 35-36). Based upon this testimony, the ALJ determined, considering his RFC, Plaintiff would be unable to perform any of his PRW. (Tr. 16, Finding 6).

The ALJ then used Medical-Vocational Guidelines Rule 201.22 to reach a conclusion of "not disabled," based on Plaintiff's age, education, vocational background, and residual functional capacity. See 20 C.F.R. pt. 404, subpt. P, app. 2, § 201.22. (Tr. 17, Finding 10). The ALJ then determined Plaintiff had not been under a "disability," as defined by the Act, at any time from December 31, 2001 through the date of his decision. (Tr. 17, Finding 11).

On December 12, 2008, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 5-7). *See* 20 C.F.R. § 404.968. On January 28, 2010, the Appeals Council declined to review the ALJ's unfavorable decision. (Tr. 1-3). On February 10, 2010, Plaintiff filed the present appeal. ECF No. 1. The parties consented to the jurisdiction of this Court on February 24, 2010. ECF No. 5. Both parties have filed appeal briefs. ECF Nos. 7, 10. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

3

As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work

experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

Plaintiff brings the present appeal claiming: (1) the ALJ erred in his evaluation of Plaintiff's subjective complaints of pain and erred in his evaluation of Plaintiff's credibility, and (2) the ALJ erred in his RFC determination. In response, Defendant argues: (1) the ALJ properly considered Plaintiff's subjective complaints of pain, and (2) the ALJ properly determined Plaintiff's RFC.

**A. Credibility Determination**

Plaintiff claims the ALJ erred in evaluating his subjective complaints. In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, this Court finds the ALJ properly addressed and discounted Plaintiff's subjective complaints. In his opinion, the ALJ addressed the factors of *Polaski*, and stated inconsistencies between Plaintiff's testimony and the record. (Tr. 15-16). Specifically, the ALJ noted the following: (1) no health care provider had restricted Plaintiff from all work, (2) Plaintiff's restricted pattern of daily living was inconsistent with the medical findings, (3) Plaintiff is not being prescribed any medication for pain, and (4) limited medical history. (Tr. 15-16). These findings are valid reasons supporting the ALJ's credibility determination, and this Court finds the ALJ's

6

credibility determination is supported by substantial evidence and should be affirmed. *See Lowe,* 226 F.3d at 971-72. Accordingly, the ALJ did not err in discounting Plaintiff's subjective complaints of pain.

### B. RFC Determination

This Court finds the ALJ's RFC determination is supported by substantial evidence and in making that determination, the ALJ provided a sufficient basis for his RFC determination. Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should also consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The plaintiff has the burden of producing documents to support his or her claimed RFC. *See Cox*, 160 F.3d at 1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports its RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

The ALJ found Plaintiff retained the RFC to perform the full range of work at the sedentary level. (Tr. 14, Finding 5). Considering this RFC, the ALJ found Plaintiff would be unable to

perform his PRW. (Tr. 16, Finding 6).

Plaintiff alleged a disability due to fear of heights, numbness in hands, and balance problems due to a steel rod in his leg. (Tr. 106). On September 7, 2006, Plaintiff was seen by Dr. William Springer complaining of right wrist pain. (Tr. 158-166). X-rays of the wrist showed evidence of old trauma but no acute findings. (Tr. 166). Plaintiff was diagnosed with a sprained wrist and was instructed to wear a wrist splint for 4-7 days.

On December 12, 2006, Plaintiff was seen at the Charitable Christian Medical Clinic. (Tr. 173-177). Plaintiff was seen for difficulty with balance, along with numbness and low back pain. (Tr. 173). Plaintiff indicated that until fourteen months earlier, he was consuming a thirty pack of beer on a daily basis. (Tr. 173). The record indicates there was an impression of peripheral neuropathy - probably due to alcohol. (Tr. 173).

Due to Plaintiff's limited medical history, the ALJ requested Plaintiff receive a post-hearing consultative examination report from Dr. Harold Chakales. (Tr. 183-191). Dr. Chakales saw Plaintiff on September 8, 2008. (Tr. 183-191). According to Dr. Chakales, x-rays of Plaintiff's left leg show that a 1996 fracture of the tibia that was well healed, and x-rays of both wrists showed some early degenerative changes at the site of a 1994 fractures of the distal radii. (Tr. 183). According to Dr. Chakales, Plaintiff had normal range of motion of his cervical and lumbar spine, and extremities, with the exception of his wrists. (Tr. 185). Plaintiff had a fifteen degree limitation of motion in both wrists. (Tr. 185). Plaintiff could lift up to twenty pounds occasionally, stand for three hours at one time, and walk for three hours at one time. Dr. Chakales also found Plaintiff could sit up to seven hours in an eight hour workday and stand or walk five hours in an eight hour workday. (Tr. 187).

Plaintiff has the burden of establishing his claimed RFC. *See Goff v. Barnhart,* 421 F.3d 785,

790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)).  Because Plaintiff has not met his burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds that the ALJ's RFC determination should be affirmed.

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **28th day of February, 2011.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

9